UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STANTON Q. SHELTON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:10-CV-1386-RWS ) |
| CITY OF ST. LOUIS, | ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of Stanton Q. Shelton for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if does not plead "enough facts to

state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff, a resident at the St. Louis Psychiatric Rehabilitation Center, brings this 42 U.S.C. § 1983 action against the City of St. Louis. Plaintiff alleges that he is being falsely imprisoned in violation of § 565.130 R.S.Mo. He seeks immediate release and one million dollars in monetary damages.

**Discussion**

A municipal entity, such as the City of St. Louis, is subject to liability under § 1983 only if an alleged constitutional deprivation is the result of an official policy or custom of the municipality. See Monell v. Department of Social Serv., 436 U.S. 658, 691 (1978). Plaintiff alleges no facts relative to policy or custom, and thus, any § 1983 claims he may be trying to assert against the City of St. Louis are legally frivolous and fail to state a cause of action. Moreover, to the extent that plaintiff is seeking his immediate release, he must bring a separate habeas corpus action, after

having exhausted available state remedies.  See Preiser v. Rodriguez, 411 U.S. 475, 490 (1973).

Because plaintiff's § 1983 claims will be dismissed, his remaining pendent state claim for the violation of § 565.130 should be dismissed, as well.  See 28 U.S.C. § 1367(c)(3); United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966) (if federal claims are dismissed before trial, remaining state claims should also be dismissed); Hassett v. Lemay Bank & Trust Co., 851 F.2d 1127, 1130 (8th Cir. 1988) (where federal claims have been dismissed, district courts may decline jurisdiction over pendent state claims as a "matter of discretion").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #7] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because it is legally frivolous and fails to state a claim upon which relief can be granted.  See 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 1st day of September, 2010.

                                              UNITED STATES DISTRICT JUDGE